**RESERVE INS. CO., Appellant,**

v.

**Milton NETZER, First National Ely Agency, and First National Bank of Ely, Appellees.**

No. 79–1988.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1980.

Decided May 21, 1980.

Robert W. Kettering, Jr., Arthur, Chapman & Michaelson, Minneapolis, Minn., for appellant.

Robert F. Berger, Trenti, Saxhaug, Berger, Carey, Roche, Stephenson & Richards, Virginia, Minn., for appellees.

Before HEANEY and ARNOLD, Circuit Judges, and SACHS *, District Judge.

ARNOLD, Circuit Judge.

Reserve Insurance Company brought this action for indemnity in the United States District Court for the District of Minnesota (the Hon. Miles W. Lord). Reserve claimed that Milton Netzer, while acting as one of its agents, was negligent in failing to report to it certain facts about a liability policy issued to one Emery S. Bulinski, and that as a result Reserve had been held liable and forced to pay out money on the policy. The District Court, sitting without a jury by agreement of the parties, adopted the recommendation of a magistrate to dismiss the complaint. We affirm.

---

* The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

The facts, many of which are not in dispute, can be briefly stated. In January, 1971, Blackburn, Nickels & Smith, Inc., general agent for Reserve, issued a policy of liability insurance to Emery S. Bulinski doing business as Snowbank Lodge. The term of the policy was January 1, 1971, to January 1, 1972. The application for the policy was forwarded to Blackburn by James Kern, at that time an employee of the First National Ely Agency, a local insurance business affiliated with the First National Bank of Ely, Minnesota. The form of application used was provided by Blackburn. Kern had been approached by Bulinski to obtain the insurance. Bulinski had sold the resort recently, but he feared that the buyer was about to default, and that he would need to take over operations again. He therefore needed insurance.

The policy as written described the insured premises as Lots 6 and 7, Section 34, Lake County, Minnesota. The policy covered personal injury and property damage occurring on the insured premises. There was an exclusion for water-related accidents occurring away from the insured premises. On the second page of the policy there appeared so-called "rating codes" showing how the insurance carrier had computed the premium due. The rating codes on this particular policy referred to a restaurant and coverage for accidents arising out of the serving of liquor. No rating code was included, and no premium was specifically computed for the cabins and docks also located on the insured premises. Mr. Kern, perhaps because of the absence of a rating code for cabins and water recreation, wrote a memorandum to Bulinski, the insured, stating that the policy covered only "the lodge area and liquor and does not include liability on the remainer [sic] of the premises which we could write with another company later." Kern did not place this memorandum in the Bulinski file, as he should have in accordance with generally accepted insurance-agency practice. Instead, the memorandum was misfiled.

In April of 1971 a tree fell on a car parked on the insured premises, but outside of the lodge and liquor area. Netzer, who by this time had succeeded Kern as an employee of the First National Ely Agency, received a claim from Bulinski with respect to this accident, and mailed the claim to Reserve. The District Court found that Reserve paid the claim. We find no evidence in the record one way or the other on this point, and therefore, giving Reserve the benefit of the doubt, assume that the proof shows only that the claim was received, a fair inference from the fact that it was mailed.

At about the same time Bulinski approached Netzer to inquire whether he was fully covered. He was about to take over the resort again from his buyer, who had defaulted. Bulinski specifically asked whether he needed additional insurance to cover his cabins and docks. Netzer told Bulinski that he was fully covered and did not need more insurance. Netzer made no inquiry, either of Blackburn or of Reserve, but simply advised Bulinski that he was fully covered.

On July 29, 1971, Arloine Bowen, while vacationing at the Snowbank Lodge, was injured by falling or slipping on a dock located on the insured premises. Bulinski forwarded the Bowen claim to Reserve without delay, but no immediate reply was forthcoming. Finally, in January, 1973, Reserve denied coverage, claiming that only the lodge and liquor area had been insured by its policy. Mrs. Bowen sued Bulinski for her personal injuries. Bulinski then sued Reserve for a declaratory judgment to establish the obligations of the insurance carrier under the policy.

The declaratory-judgment action resulted in a holding that Reserve was obligated under the policy to defend and indemnify Bulinski in the action brought by Mrs. Bowen. In the course of his recommended findings of fact, which were adopted by the District Court,[1] the magistrate who heard the evidence in the declaratory-judgment

1. *Bulinski v. Reserve Ins. Co.*, Civ. No. 5–74–19, D.Minn., April 11, 1977. Reserve appealed, but on August 5, 1977, this Court dismissed the appeal for want of prosecution.

action, incidentally the same magistrate who sat below in this case, held that Netzer was an agent of Reserve and that Reserve was bound by his representations to Bulinski. Reserve then took over the defense of Mrs. Bowen's action against Bulinski, and ultimately paid its policy limits, $25,000, towards a settlement of that case. Reserve also incurred legal costs and expenses of $7,216.75.

Reserve then brought the present action, seeking indemnity from Netzer and his principals for its total outlay of $32,216.75. Reserve argues that the Ely Agency was negligent, or failed in its duty as an agent, in three respects: in failing to advise Reserve that Bulinski was about to commence summer resort operations; in failing to manage its files properly, so that Netzer could have had earlier notice of the Kern memorandum asserting a limitation on coverage; and in failing to notice the absence of rating codes for hotels and water-related risks at the time Bulinski was assured by Netzer that his coverage was unlimited. In sum, Reserve's theory is that Netzer either had actual knowledge of the Kern memorandum from Bulinski, or would have known about it had his predecessor, Kern, used office practices consistent with due care and skill. Netzer should then, Reserve argues, have called the attention of Blackburn, Reserve's general agent, to the problem in construction of the policy. Reserve could then, it says, have protected itself, either by cancelling the policy, issuing a restrictive endorsement to make clear that the cabins and water-related risks were not covered, or charging an additional premium. Instead, because of Netzer's failure to report, nothing was done, and Reserve ended up being liable for the Bowen claim.

The District Court, adopting the recommendations of the magistrate, found that defendants were not negligent. The absence of rating codes, it held, did not expand or detract from coverage defined in the body of the policy. Netzer's statement to Bulinski that he was fully covered, in other words, was a correct statement. The District Court further found that even if defendants were negligent, the plaintiff had failed to show any proximate cause linking that negligence and the loss suffered. It had previously been held (and the holding is not disputed here) that Reserve was in fact liable on the policy. The policy was written not by defendants but by Blackburn, Nickels & Smith, Reserve's general agent. The information furnished to Blackburn by the Ely Agency was complete and correct. (As a matter of fact, the insurance application, presumably filled out by Kern on behalf of the Ely Agency, specifically notified Blackburn that Snowbank Lodge was a resort, and that 95% of its patrons stayed "at cabins on the premises" (DX B). It was stipulated that resorts in Northern Minnesota commonly have docks, and that in fact they cannot operate without them (McGillvray dep. 27).) None of the actions claimed by Reserve to be negligence, the District Court concluded, would have changed Reserve's obligation to defend Bulkinski against the Bowen claim.

We find it unnecessary to consider the issue of defendants' negligence. Our review of the entire record, including the transcript of testimony before the magistrate, the two depositions offered, and the documentary exhibits, convinces us that even if there was negligence or a culpable failure to report or inquire on the part of defendants, Reserve cannot recover in this action for indemnity under Minnesota law.

Reserve seeks complete reimbursement for its $32,216.75 outlay in the action brought by Mrs. Bowen against Bulinski. It can succeed in attributing this loss to any omission of Netzer only if it shows that it would have cancelled the policy if Netzer had reported the facts Reserve claims it did not know. The evidence of record overwhelmingly refutes this conclusion. For one thing, when Reserve received the claim for the fallen tree (it had rotted and fallen on someone's car, presumably a customer of Bulinski), it did not disclaim or attempt to limit coverage, even though the tree incident apparently occurred on a portion of the premises other than the restaurant, just as Mrs. Bowen's accident did. Furthermore, Reserve did not promptly react even

after receiving the Bowen claim itself. It was not until many months later, in January of 1973, long after the policy in suit had expired, that Reserve denied coverage. If Reserve's theory of proximate cause is to be accepted, one wonders why Reserve did not immediately, after receiving the Bowen claim, issue a restrictive endorsement or cancel the policy. And most important of all, the record is clear that if Netzer had immediately reported to Reserve his visit with Bulinski, including the contents of the Kern memorandum, the policy would still not have been cancelled. As an underwriter with Blackburn, Nickels & Smith candidly testified, the docks and cabins were one type of risk that Reserve was in the business of insuring. Reserve would have certainly insured them, and if Bulinski had wanted the coverage, as he did, Reserve would simply have added the coverage and charged an additional premium (Tr. 33, 36, 40). Reserve "would still have insured that premises" (Tr. 41). The additional premium would probably have been between $100.00 and $150.00, though the record is not clear on that point (see, *e. g.*, Tr. 41).

To sum up, even if the Ely Agency was negligent, the most that can be said is that Reserve was deprived of the additional premium that it would have charged. The Bowen accident would still have occurred, and the policy would have covered it. The claim for indemnity therefore cannot stand. See *Julien v. Spring Lake Park Agency, Inc.*, 283 Minn. 101, 166 N.W.2d 355 (1966).

The judgment is affirmed.